METCALFE, J.
The plaintiff in error seeks to obtain an injunction against the defendants in error to prevent the enforcement of a judg *547 ment of eviction in a ease of forcible entry and detainer, claiming that the judgment is void for want of jurisdiction in the justice of the peace to render the same.
The plaintiffs are lessees of the property in question, which is situated in the township and city of Youngstown, and the defendant, Hoffman, is the lessor. This action was brought by Hoffman in the court of the defendant Brown, a justice of the peace. Brown was elected to such office of justice of the peace in the township of Boardman, Mahoning county, but maintained an office in the city of Youngstown.
The summons in this case was issued by the justice return able at his office in the city of Youngstown, and the case was tried and judgment rendered therein in the city of Youngstown, and not within the limits of the township of Boardman.
The only question we have here is: Did the justice of the peace, in an action in forcible entry and detainer, have the right to hold court and render judgment in a township other than the one in which he is elected? This court has held in the case of Railway Co. v. Skipp (not reported), that he may do so in a criminal case, and the Supreme Court have decided the same thing in Steele v. Karb, 78 Ohio St. 376 [85 N. E. 580], in both of which cases it is held that in criminal cases the jurisdiction of the justice is eo-extensive with the county containing the township in which he was elected, and that he may hold court anywhere wúthin the county. His power is granted under Sec. 13422 Gr. C., which provides that he shall be a conservator of the peace, and that he may upon view or information cause the arrest of a person and issue a warrant commanding him to be brought before himself or before some other justice of the peace within the county.
' We do not think, however, that such is the case in any civil action. By See. 10223 it is provided:
“Unless otherwise directed by law the jurisdiction of justices of the peace in civil eases is limited to the township wherein they were elected and wherein they reside. No justice of the peace shall hold court outside of the limits of the township for which he was elected.”
*548 This provision is perfectly clear and prohibits a justice from holding court in all civil cases outside of the limits of the township for which he ivas elected, unless otherwise directed by law.
It is claimed here that he is otherwise directed by See. 10224 G-. C., paragraph 5, which confers upon the justices of the peace jurisdiction to try forcible entry and detainer cases throughout the county, that is to say, his jurisdiction to try that class of eases is co-extensive with the county, but that does not confer the right upon him to go outside of his township, issue summons outside, returnable outside, and hold court and render judgment outside in view of the explicit provisions of Sec. 10223 that no justice shall hold court outside of the township in which he is elected.
We think that such action is entirely unwarranted and that the defendant, Brown, could not exercise the jurisdiction of a justice of the peace outside of the township in which he was elected, but plainly has the right to bring the defendant in such case into the township where he was elected.
Judgment for plaintiff.
Pollock and Farr, JJ., concur.